UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| FREDERICK FAUST, } | |
| ON BEHALF OF HIMSELF AND } | |
| ALL OTHERS SIMILARLY SITUATED, } | |
| } | |
| Plaintiff, } | Civil Action, File No. |
| v } | |
| } | |
| ZWICKER & ASSOCIATES, P.C., } | |
| } | |
| Defendant. } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Frederick Faust [hereinafter "Faust"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Zwicker & Associates, P.C. [hereinafter "Zwicker"] and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendant's regular transaction of business within this district. Venue in this district also is proper based on Defendant possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendant alsos derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Faust is a natural person who resides at 2118 82nd Street, Brooklyn, NY 11214.

6. Faust is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about October 3, 2017, Zwicker sent Faust the letter annexed as Exhibit A. Faust received and read Exhibit A. For the reasons set forth below, Faust's receipt and reading of Exhibit A deprived Faust of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Zwicker sent Exhibit A to Faust in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a loan by Sofi Consumer Loan Funding 2016-1 Trust for his individual use, individually using the proceeds of the loan primarily for personal, family or household purposes, and then, as an individual, failing to re-pay the loan. Zwicker, via Exhibit A, attempted to collect this past due debt from Faust in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Zwicker is a limited liability partnership with a principal place of business located at 120 Allens Creek Road, Rochester, NY 14618.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to

New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015). Zwicker possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, Zwicker sets forth that it is a debt collector attempting to collect an debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon Zwicker possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Zwicker is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, Zwicker is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A sets forth the following: "Balance Due as of 10/03/17".

17. If on the date of Exhibit A Sofi Consumer Loan Funding 2016-1 was not accruing interest, late charges, and/or other charges on the "Balance as of 10/03/17" set forth in Exhibit A, then Defendant violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "Balance as of 10/03/17" or

describing the balance as the "Balance as of 10/03/17".

## SECOND CAUSE OF ACTION-CLASS CLAIM

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

19. Exhibit A sets forth the following: "Balance as of 10/03/17".

20. Upon information and belief, Sofi Consumer Loan Funding 2016-1 continued to accrue interest, late charges, and/or other charges on the "Balance as of 10/03/17" set forth in Exhibit A.

21. However, Exhibit A did not explain that interest, late charges, and other charges were accruing, did not explain the basis for the accrual of any interest, late charges, and other charges, and did not set forth what Faust would need to pay to resolve the debt at any given moment in the future.

22. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) and/or 15 USC § 1692e by sending Exhibit A toFaust.

## THIRD CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

24. Describing the "Balance" as being "as of" followed by the date of the letter in and of itself fails to set forth the amount of the debt as required by 15 USC § 1692g(a)(1) and amounts to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and/or 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

28. By sending Exhibit A to Faust, Defendant violated 15 USC 1692g.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

30. The class consist of (a) all natural persons (b) who received a letter from Defendant dated between October 3, 2017 and the present, (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

31. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

33. The predominant common question is whether Defendant's letters violate the FDCPA.

34. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

35. A class action is the superior means of adjudicating this dispute.

36. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated: October 1, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107